NELSON *et al. v.* LOWERY.*

(Division B.   Feb. 20, 1928.)

[115 So. 591.   No. 26947.]

1. EQUITY.   *Court should not enter decrees nunc pro tunc, except where necessary to ends of justice.*

   Court's authority to enter decrees *nunc pro tunc* should not be exercised, except where it is absolutely necessary to ends of justice.

2. EQUITY.   *Chancellor properly refused to enter signed decree on minutes nunc pro tunc at subsequent term, where Supreme Court in pending case subsequently decided question involved contrary to decision therein.*

   Where chancellor signed decree dismissing complainant's bill, but decree was not entered on minutes at that term, chancellor properly overruled defendant's motion to enter decree on minutes *nunc pro tunc* at subsequent term, where identical question involved was pending before Supreme Court in another case, and Supreme Court subsequently decided question involved contrary to decision of chancellor embodied in decree not entered, since

entry of signed decree was not necessary to ends of justice in such case.

_____

*Corpus Juris-Cyc References: Equity, 21CJ, p. 652, n. 14. On power of court to enter judgment *nunc pro tunc*, see 15 R. C. L. 622; 3 R. C. L. Supp. 477; 5 R. C. L. Supp. 844; 6 R. C. L. Supp. 925,

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Suit by R. J. Lowery against John Joseph Nelson and others. From a decree for complainant, defendants appeal. Affirmed.

*Fred Bacho,* for appellants.

The court after hearing the case on the 25th day of February, 1927, dismissing the bill of complaint, the final decree was rendered, read and signed by the learned chancellor but the clerk erred when he failed to enter the final decree on the minutes of the record of the chancery court—this was the just and proper decree because the evidence was overwhelming in favor of Nelson and that was the law at the time. At the next term of court a motion was made by the defendant to have the decree *nunc pro tunc* granted, which was denied. The court erred in holding up the case or decree because the Backstrom Hart case was not pending when he rendered the decision on, to-wit: the 25th day of February, 1927, and that case was not before him and he could not consider something that was not before him at the time. It was the duty of the clerk of the chancery court to enter the decree of February 25, 1927, and he failing to do so this defendant Nelson should not be made to suffer by the clerk's error. The court had no legal right or good excuse to base his opinion upon some law or decision that was to take place in the future or some opinion to be rendered by the Supreme Court in the future.

*Wadlington & Corban,* for appellee.

Appellant uses as his only assignment of errors the act of the chancellor in refusing to enter the decree *nunc pro tunc,* but in place thereof entering a final decree at a succeeding term of the court confirming title to this lot in R. J. Lowery. We submit that the matter of entry of decrees *nunc pro tunc* is left largely to the sound discretion of the presiding judge or chancellor. The original decree having failed to be placed on the minutes, the court was unwilling to enter the *nunc pro tunc* decree, or any decree, without further hearing of the matter after the state Supreme Court had ruled on the constitutionality of the 1926 act regarding authority of land commissioner to sell city lots. The matter was carried on the docket for that purpose, and after the decision in the case of *Hart* v. *Backstrom,* this case was set for hearing on a day certain, the case was regularly called in open court and counsel for complainant and defendant both appeared. Complainant presented his case and defendant's counsel offered no defense but simply stated that the matter was *res adjudicata.* All rules in regard to decrees *nunc pro tunc* state that "the chancellor 'may' . . . ." It certainly is not compulsory on him to enter such decrees but he is entirely within his rights to have additional hearing on the matter if he is not satisfied in his own mind as to a proper decision, and the original decree has never been entered. *Nelson* v. *Handsborough,* 99 Miss. 252, 54 So. 485.

ANDERSON, J., delivered the opinion of the court.

Appellee filed the bill in this case in the chancery court of Harrison county against appellants to confirm appellee's tax title to a lot in the city of Biloxi. There was a trial on bill, answer, and proofs, resulting in a final decree in favor of appellee. From that decree appellants prosecute this appeal.

The cause was tried at the September, 1926, term of the chancery court. A decree was signed by the chancellor dismissing appellee's bill, but, for some reason, the decree was not entered at that term by the clerk upon the minutes of the court. Having discovered this fact, appellants, at the next term of the court, made a motion that the decree be entered upon the minutes *nunc pro tunc.* This motion was overruled by the court, the chancellor stating, as the reason for his action in overruling the motion, that he had been informed that the identical question involved in this case was pending before the Supreme Court in another case, and for that reason the final decree in the case would be held up until the question was decided by the Supreme Court. Between that term of the court and the succeeding term, the Supreme Court decided the question involved contrary to the decision of the chancellor embodied in the decree not entered upon the minutes of the court. Thereupon the chancellor rendered a final decree following the decision of the Supreme Court, and therefore reversing his former decision. It is from this last decree that appellants prosecute this appeal.

As we view the record, the only question worthy of consideration is whether the chancellor erred in overruling appellants' motion to enter the first decree, signed by the chancellor, dismissing appellee's bill, which was not entered upon the minutes of the court. Griffith, in his Chancery Practice, discusses this question at section 623. We quote that section.

"Section 623. *Decrees Nunc Pro Tunc.*—Courts can, and of course should, make their records of orders and decrees speak the full truth; wherefore the entry of a decree *nunc pro tunc* is said to be always permissible where a decree was definitely ordered during term time but was omitted by the excusable inadvertence of counsel or by the fault of opposing counsel, or where it was drawn and signed but the clerk failed to enter it of record during the term, or where it was actually and defi-

nitely ordered to be entered but by inadvertence of the court it was not signed. The evils that might be imported into the procedure by an unguarded exercise of the power are such, however, that its exercise is only upon the utmost caution and is confined to cases where it is absolutely necessary to the ends of justice. Indeed, some of our decisions would seem to limit the power to those cases where the evidence respecting the omitted decree appears definitely of record, although, more liberally, it has been held that where the record actually contains the data for the entry of an omitted decree the same may be entered at a subsequent term without notice. But the true rule is not so strict as to demand in all cases the exact and formal evidence mentioned. For instance, it would probably be held that such a decree may be entered on the distinct recollection of the chancellor, if the matter be very recent, and he be so clear and certain in his recollection that he cannot possibly be mistaken; or where his oral opinion and directions for the decree was dictated during term in stenographic notes of the case; or where his written opinion and directions prepared during term is found either among the court papers or among his own papers, and the decree intended and directed is thereby definitely ascertained, and in other like circumstances of a fair certainty in fact. Such a decree when entered becomes operative as between the parties and *quasi*-parties as of the day when it should have been entered, but as to all others, in the absence of special circumstances to the contrary, it is effective only from the date of its actual entry. There seems to be no direct authority touching the point as to whether such a decree can be entered in vacation, but it would seem to be logically sound that a decree *nunc pro tunc* can be entered in vacation only in such cases as, had the decree been made in the ordinary course of procedure, it could have been so entered.''

The principles laid down by the author, we think, are sound, and are supported by decisions of this court which

149 Miss.—23.

are cited in the notes. It will be observed from the quotation above that the court should exercise the utmost caution in entering decrees *nunc pro tunc;* that the authority to do so should not be exercised by the court, except "where it is absolutely necessary to the ends of justice." It certainly cannot be said that the entry of the first decree signed by the chancellor in this case was absolutely necessary to the ends of justice, in view of the fact that it was a decree which, under the decision of this court, he had no authority to enter—in other words, a decree squarely in the face of law.

*Affirmed.*